IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-40357
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISIDRO MAYO-CORNELIO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1439-2

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Isidro Mayo-Cornelio (Mayo) pleaded guilty to bringing in and attempting to bring into the United States an undocumented alien for private financial gain (counts one and two) and transporting an undocumented alien within the United States by means of a motor vehicle for private financial gain (counts three and four). See 8 U.S.C. §§ 1324(a)(2)(B)(ii) and 1324(a)(1)(A)(ii); 18 U.S.C. § 2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The presentence report (PSR) recommended an increase of three levels from the base offense level because the offense involved the smuggling, transporting, or harboring of 6-24 unlawful aliens. The offense level was further increased by two levels because the offense occurred after Mayo had a previous conviction for a felony immigration and naturalization offense. The PSR recommended that the offense level be reduced by two levels for acceptance of responsibility. With a Criminal History Category of III, Mayo's guidelines range was 21 to 27 months of imprisonment. However, the statutory minimum sentence for conviction under 8 U.S.C. § 1324(a)(2)(B)(ii) was three years of imprisonment. The district court sentenced Mayo to the three-year minimum term of imprisonment.

Mayo argues that the district court erred in applying an enhancement to the offense level for reckless endangerment. As the district court applied no such enhancement, the appeal on this issue is frivolous. See Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1413 (5th Cir. 1994) (internal quotation marks and citation omitted). Mayo also asserts that "he did not deserve the indictment under 8 U.S.C. § 1324(a)(2)(B)(ii)," that he was instead only "guilty of violating 8 U.S.C. § 1324(a)(1)(B)(i)," that the district court should have dismissed the charge under subsection (a)(2), and that the district court should have sentenced Mayo to a sentence within the guidelines range despite the statutory minimum. The import of these assertions is that Mayo's plea to subsection (a)(2) is somehow invalid, but Mayo never actually argues that his plea is invalid. Mayo, who is represented by counsel, has thus abandoned any issue as to the validity of his plea and his assertions state no cognizable legal claim regarding his conviction or sentence. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); cf. Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir.1977) (holding that attorney litigant is not entitled to same liberal construction accorded pro se litigants).

The appeal is without arguable merit and is therefore DISMISSED as frivolous.  See Travelers Ins. Co., 38 F.3d at 1413; 5TH CIR. R. 42.2.